IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RONALD SCIORTINO BANKRUPTCY ESTATE, d/b/a Ronald Edward Sciortino, <br><br>         Plaintiff, <br><br>     v. <br><br> MARY IDA TOWNSON, Standing Chapter Thirteen Trustee, and SONYA BUCKLEY, <br><br>         Defendants. | CIVIL ACTION FILE NO. <br><br> 1:18-CV-1341-AT-JFK <br><br> ("Sciortino III") |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Pending before the court is the above-referenced civil action filed by the *Pro Se* Plaintiff, Ronald Sciortino Bankruptcy Estate d/b/a Ronald Edward Sciortino, and Plaintiff's application to proceed *in forma pauperis*, or without payment of filing fees, service costs or any costs of court.[1] For the purpose of recommending dismissal for lack of subject-matter jurisdiction and failure to obey an order of the court, the court **GRANTS** Plaintiff's motion [Doc. 1] to proceed *in forma pauperis*.

---

[1] Plaintiff has also filed two related cases in this Court, Civil No. 1:18-CV-0981-AT-JFK ("Sciortino I") and Civil No. 1:18-CV-1340-AT-JFK ("Sciortino II").

As the court previously noted, this lawsuit seeks to file claims against the Chapter 13 Bankruptcy Trustee and the Trustee's attorney; accordingly, Plaintiff is required to obtain leave of the Bankruptcy Court to proceed in District Court. See, e.g., Carter v. Rodgers, 220 F.3d 1249, 1252 (11th Cir. 2000); and see Lawrence v. Goldberg, 573 F.3d 1265, 1270-71 (11th Cir. 2009). Plaintiff applied for leave which was denied by the Bankruptcy Court. [Doc. 4]. As the Bankruptcy Court's May 4, 2018, Order relates to this action, the Bankruptcy Judge found in part that Plaintiff's request to file a claim against Defendant Mary Townson as Standing Chapter 13 Bankruptcy Trustee and her staff attorney Defendant Sonya Buckley must be denied on the merits. [Doc. 4 at 2, 9–17]. In other words, the Bankruptcy Judge opined that Plaintiff's complaint in the instant case is precluded as a matter of law. [Id.].

This court then ordered Plaintiff to either 1) show cause in writing why the above complaint should not be dismissed for lack of subject matter jurisdiction and/or be barred for the reasons explained within the Bankruptcy Court's May 4, 2018, Order or 2) file a Notice of Voluntary Dismissal pursuant to Fed. R. Civ. P. 41(a). [Doc. 3]. The time for Plaintiff to comply with the court's order has expired without Plaintiff responding in any manner. Plaintiff was advised that failure to show cause and comply with the aforementioned order would result in a recommendation to the District Court

that the complaint be dismissed without prejudice. [Id.].[2] Dismissal is appropriate for failure to comply with the court's order.

Additionally, the court adopts the well-reasoned and persuasive decision of the Bankruptcy Judge to which Plaintiff has offered no reason to reject. The court lacks subject-matter jurisdiction over Defendants Townson and Buckley requiring dismissal of the complaint.

For these reasons, the court **RECOMMENDS** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED and RECOMMENDED** this 20th day of June, 2018.

_____
JANET F. KING
UNITED STATES MAGISTRATE JUDGE

---

[2]Dismissal of an action is permitted under Fed. R. Civ. P. 41(b) for failure to comply with an order of the court and for failure to prosecute. See Fed. R. Civ. P. 41(b) (as amended 2007) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits."); Local Rule 41.3(A)(2), N.D. Ga. ("The court may, with or without notice to the parties, dismiss a civil case for want of prosecution if: . . . (2) A plaintiff or plaintiffs attorney shall, after notice, fail or refuse to . . . obey a lawful order of the court.").